## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| JUDITH A. SISTI,<br><br>              Plaintiff,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY,<br>FEDERAL HOME LOAN MORTGAGE<br>CORPORATION, and NATIONSTAR<br>MORTGAGE, LLC,<br><br>              Defendants. | C.A. No. 1:17-cv-00005-M-LDA |

## DEFENDANTS FEDERAL HOUSING FINANCE AGENCY AND FEDERAL HOME LOAN MORTGAGE CORPORATION'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, Federal Housing Finance Agency ("FHFA") and Federal Home Loan Mortgage Corporation ("Freddie Mae") (collectively, "Defendants"), respond to each and every allegation of Plaintiff, Judith A. Sisti's ("Plaintiff"), Amended Complaint (the "Complaint"), as follows:

### *Introduction*

1.      Paragraph 1 of Plaintiff's Complaint introduces Plaintiff's Complaint and asserts legal conclusions and requests for relief that do not require a response. To the extent a response is required, denied.

### JURISDICTION AND VENUE

2.      Paragraph 2 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, denied.

3.      Paragraph 3 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants consent to the jurisdiction of the federal court to hear and decide this action.

4.      Paragraph 4 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants admit that venue in this district is proper.

5.      Paragraph 5 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants admit that the Court has authority to issue declaratory and injunctive relief.

## THE PARTIES

6.      Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Admitted.

8.      Freddie Mac is a corporation existing under the laws of the United States of America. Furthermore, 12 U.S.C. § 1451 speaks for itself. To the extent that Paragraph 8 contains Plaintiff's characterization of the cited statutory provisions, those allegations are denied.

9.      Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

## GENERAL FACTUAL ALLEGATIONS

### *The Conservatorship of FHFA over Freddie Mac*

10.     The statutory provisions of the Housing and Economic Recovery Act of 2008 ("HERA") referred to in Paragraph 10 of Plaintiff's Complaint speak for themselves. To the

2

extent that Paragraph 10 contains Plaintiff's characterization of the cited statutory provisions, those allegations are denied.

11.     The statutory provisions of HERA referred to in Paragraph 11 of Plaintiff's Complaint speak for themselves. To the extent that Paragraph 11 contains Plaintiff's characterization of the cited statutory provisions, those allegations are denied.

12.     The Statement of the FHFA Director referred to in Paragraph 12 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 12 contains Plaintiff's characterization of the cited statement, those allegations are denied.

13.     The Congressional Budget Office ("CBO") Background Paper referred to in Paragraph 13 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 13 contains Plaintiff's characterization of the cited statement, those allegations are denied.

14.     The CBO Working Paper referred to in Paragraph 14 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 14 contains Plaintiff's characterization of the cited statement, those allegations are denied.

15.     Freddie Mac's Annual Report, Form 10-K, for fiscal year 2015 (hereinafter the "2015 Annual Report") referred to in Paragraph 15 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 15 contains Plaintiff's characterization of the 2015 Annual Report or any statements therein, those allegations are denied.

16.     The 2015 Annual Report referred to in Paragraph 16 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 16 contains Plaintiff's characterization of the 2015 Annual Report or any statements therein, those allegations are denied.

300350862V1 0994149

17.     The 2015 Annual Report referred to in Paragraph 17 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 17 contains Plaintiff's characterization of the 2015 Annual Report or any statements therein, those allegations are denied.

18.     The 2015 Annual Report referred to in Paragraph 18 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 18 contains Plaintiff's characterization of the 2015 Annual Report or any statements therein, those allegations are denied.

19.     The 2015 Annual Report referred to in Paragraph 19 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 19 contains Plaintiff's characterization of the 2015 Annual Report or any statements therein, those allegations are denied.

20.     The document entitled "Questions and Answers on Conservatorship" and the 2015 Annual Report referred to in Paragraph 20 of Plaintiff's Complaint speak for themselves. To the extent that Paragraph 20 contains Plaintiff's characterization of those documents or any statements therein, those allegations are denied.

21.     The 2015 Annual Report referred to in Paragraph 21 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 21 contains Plaintiff's characterization of the 2015 Annual Report or any statements therein, those allegations are denied.

22.     Denied.

23.     Denied.

24.     The Amended and Restated Senior Preferred Stock Purchase Agreement and the 2015 Annual Report referred to in Paragraph 24 of Plaintiff's Complaint speak for themselves. To the extent that Paragraph 24 contains Plaintiff's characterization of those documents or any statements therein, those allegations are denied.

300350862V1 0994149

25.     The 2015 Annual Report referred to in Paragraph 25 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 25 contains Plaintiff's characterization of the 2015 Annual Report or any statements therein, those allegations are denied.

26.     The documents referred to in Paragraph 26 of Plaintiff's Complaint speak for themselves. To the extent that Paragraph 26 contains Plaintiff's characterization of those documents or any statements therein, those allegations are denied.

27.     The 2015 Annual Report referred to in Paragraph 27 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 27 contains Plaintiff's characterization of the 2015 Annual Report or any statements therein, those allegations are denied.

28.     The 2015 Annual Report referred to in Paragraph 28 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 28 contains Plaintiff's characterization of the 2015 Annual Report or any statements therein, those allegations are denied.

29.     The 2015 Annual Report referred to in Paragraph 29 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 29 contains Plaintiff's characterization of the 2015 Annual Report, those allegations are denied.

30.     The CBO Background Paper referred to in Paragraph 30 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 30 contains Plaintiff's characterization of the CBO Background Paper or any statements therein, those allegations are denied.

31.     Paragraph 31 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, denied.

### The Agency Relationship between FHFA and Freddie Mac and the Servicing Agent.

32.     The FHFA Office of Inspector General Evaluation Report (the "Evaluation Report") referred to in Paragraph 32 of Plaintiff's Complaint speaks for itself. To the extent that

300350862V1 0994149

Paragraph 32 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

33.     The Evaluation Report referred to in Paragraph 33 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 33 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

34.     The Evaluation Report referred to in Paragraph 34 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 34 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

35.     The document referred to in Paragraph 35 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 35 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

## *The Unconstitutional Foreclosure Policy of FHFA and Freddie Mac*

36.     The Evaluation Report referred to in Paragraph 36 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 36 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

37.     The Evaluation Report referred to in Paragraph 37 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 37 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

38.     The Evaluation Report referred to in Paragraph 38 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 38 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

39.     Paragraph 39 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is

300350862V1 0994149

entitled to an evidentiary hearing prior to foreclosure on Plaintiff's property. Moreover, the document referred to in Paragraph 39 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 39 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

### *The Plaintiff's interest in the Property*

40.     The Warranty Deed referred to in Paragraph 40 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 40 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

41.     The promissory note referred to in Paragraph 41 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 41 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

42.     The mortgage referred to in Paragraph 42 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 42 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

43.     The mortgage assignment referred to in Paragraph 43 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 43 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

44.     The mortgage assignment referred to in Paragraph 44 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 44 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

45.     The mortgage assignment referred to in Paragraph 45 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 45 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

300350862V1 0994149

### *The foreclosure proceedings against the Property*

46.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     The document referred to in Paragraph 48 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 48 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

49.     Admitted.

50.     The Foreclosure Deed referred to in Paragraph 50 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 50 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

51.     Defendants deny that Plaintiff is entitled to an evidentiary hearing prior to foreclosure and deny the remaining allegations within Paragraph 51 of Plaintiff's Complaint.

52.     Defendants deny that Plaintiff is entitled to an evidentiary hearing prior to foreclosure and deny the remaining allegations within Paragraph 52 of Plaintiff's Complaint.

53.     The complaint for eviction against Plaintiff referred to in Paragraph 53 of Plaintiff's Complaint speaks for itself.

54.     Defendants deny that Plaintiff will suffer irreparable harm if the eviction is not enjoined. Defendants lack sufficient knowledge or information sufficient to admit or deny the remaining allegations contained within Paragraph 54 of Plaintiffs' Complaint and therefore deny the same.

300350862V1 0994149

**COUNT I – DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS**

55.     Defendants incorporate by reference their responses to Paragraphs 1 through 54 of Plaintiff's Complaint.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Defendants lack sufficient knowledge or information to admit or deny the significance of Plaintiff's claimed property interest at stake, and therefore, deny the same. Further answering, Paragraph 59 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, denied. Defendants deny the remaining allegations within Paragraph 59 of Plaintiff's Complaint.

60.     Paragraph 60 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, denied.

61.     Denied.

62.     Denied.

63.     Paragraph 63 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, denied.

64.     Paragraph 64 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, denied.

65.     Denied.

**COUNT TWO – FAILURE TO COMPLY WITH RIGL § 34-27-4**

66.     Defendants incorporate by reference their responses to Paragraphs 1 through 65 of Plaintiff's Complaint.

300350862V1 0994149

67.     Paragraph 67 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, denied.

68.     Paragraph 68 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, denied.

69.     Denied.

## COUNT THREE – BREACH OF CONTRACT

70.     Defendants incorporate by reference their responses to Paragraphs 1 through 69 of Plaintiff's Complaint.

71.     The mortgage referred to in Paragraph 71 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 71 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

72.     The mortgage referred to in Paragraph 72 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 72 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

73.     The mortgage referred to in Paragraph 73 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 73 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

74.     The mortgage referred to in Paragraph 74 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 74 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

75.     The mortgage referred to in Paragraph 75 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 75 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

300350862V1 0994149

76.     Paragraph 76 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, denied.

77.     Denied.

78.     Paragraph 78 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, denied.

79.     Paragraph 79 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, denied.

80.     Denied.

## COUNT FOUR – BREACH OF COVENANT OF EXTREME GOOD FAITH WHEN EXERCISING THE POWER OF SALE

81.     Defendants incorporate by reference their responses to Paragraphs 1 through 80 of Plaintiff's Complaint.

82.     Paragraph 82 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, denied.

83.     Denied.

84.     Denied.

## COUNT FIVE – QUIET TITLE

85.     Defendants incorporate by reference their responses to Paragraphs 1 through 84 of Plaintiff's Complaint.

86.     Denied.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraphs 1-10 of Plaintiff's Prayer for Relief.

11

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted because, among other reasons, Plaintiff has no legal basis to maintain a due process claim arising out of Freddie Mac's foreclosure under Rhode Island's Statutory Power of Sale.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is estopped from challenging the Defendants' authority to accelerate or foreclose.

### THIRD AFFIRMATIVE DEFENSE

Defendants affirmatively plead Plaintiff's breach of contract and Defendants' resulting authority to initiate foreclosure under the Statutory Power of Sale.

### FOURTH AFFIRMATIVE DEFENSES

Plaintiff's damages, in whole or in part, are barred by her failure to mitigate.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred pursuant to the Housing and Economic Recovery Act of 2008 ("HERA").

WHEREFORE, Defendants, Federal Housing Finance Agency and Federal Home Loan Mortgage Corporation, request judgment in their favor on each and every cause of action asserted in Plaintiff Judith A. Sisti's Amended Complaint, an award of costs of suit, including attorneys' fees, and any such other and further relief the Court deems just and appropriate.

300350862V1 0994149

Respectively submitted,

FEDERAL HOUSING FINANCE
AGENCY and FEDERAL HOME LOAN
MORTGAGE CORPORATION,

By Their Attorneys,


*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
Ethan Z. Tieger, Bar No. 9308
HINSHAW & CULBERTSON LLP
321 South Main Street
Suite 301
Providence, RI 02903
Telephone: (401) 751-0842
Facsimile: (401) 751-0072
sbodurtha@hinshawlaw.com
etieger@hinshawlaw.com


Dated:      September 19, 2017

300350862V1 0994149