**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

JUDITH A. SISTI,

Plaintiff,

v.

FEDERAL HOUSING FINANCE AGENCY, FEDERAL HOME LOAN MORTGAGE CORPORATION, and NATIONSTAR MORTGAGE, LLC,

Defendants.

C.A. No. 1:17-cv-00005-M-LDA

**PLAINTIFF'S OBJECTION TO THE FEDERAL DEFENDANTS' MOTION TO CERTIFY THE AUGUST 2, 2018 ORDER FOR INTERLOCUTORY APPELLATE REVIEW UNDER 28 U.S.C. § 1292(b)**

**TABLE OF CONTENTS**

INTRODUCTION……………………………………………………………………...1

RELEVANT BACKGROUND………………………………………………………...4

ARGUMENT…………………………………………………………………………...5

1. Standard……………………………………………………………………...6
2. Analysis……………………………………………………………………...7
    a. This Court's August 2 Order rested on controlling law………………………7
    b. Neither Federal Defendant has shown substantial grounds for disagreement………………………………………………………………….9
    c. Statutory interpretation is only part of the analysis…………………………10
    d. Exceptional circumstances have not been shown by either Federal Defendant……………………………………………………………….....10
    e. Plaintiff should not be forced to engage in burdensome piecemeal litigation……………………………………………………………………..11

CONCLUSION………………………………………………………………………….12

# TABLE OF AUTHORITIES

**Cases**

*Palandjian v. Pahlavi*,
782 F.2d 313 (1st Cir. 1986)........................................................................................*6*

*McGillicuddy v. Clements*,
746 F.2d 76 (1st Cir. 1984)..........................................................................................*6*

*Ryan v. Fakih*,
275 F. Supp. 2d 393 (E.D. NY. 2003).......................................................................*passim*

*Lebron v. National Railroad Passenger Corp.*,
513 U.S 374 (1995)....................................................................................................*passim*

*Barrios-Velazquez v. Associacion de Empleados Del Estado Libre Asociado*,
84 F. 3d 487 (1st Cir. 1996).........................................................................................*9*

*Yeo v. Town of Lexington*,
131 F.3d 241 (1st Cir. 1997)........................................................................................*9*

*FDIC v. Meyer*,
510 U.S. 471 (1994)....................................................................................................*passim*

*Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc.*,
2018 U.S. Dist. LEXIS 109456 (E.D. Cal. Jun. 29, 2018).......................................*10*

*Department of Transportation v. Association of Am. Railroads*,
135 S. Ct. 1225 (2015)................................................................................................*8,9*

**Statutes**

28 U.S.C § 1292(b).....................................................................................................*passim*

*12 U.S.C.* § 4617(a) (2)..............................................................................................*4,7*

Plaintiff Judith Sisti hereby objects to the Motion to Certify the August 2, 2018 Order for Interlocutory Appellate Review Under 28 U.S.C. § 1292(b), dated August 23, 2018 (the "Motion"). The Motion filed by Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and Federal Housing Finance Agency ("FHFA") (collectively, the "Federal Defendants") seeks to have this Court amend its detailed August 2, 2018 Memorandum and Order (the "August 2 Order") so that this Court's decision to deny the Federal Defendants' motion for a judgment on the pleadings may be immediately appealable to the United States Court of Appeals for the First Circuit (the "First Circuit"). The Motion should be denied for the reasons set forth below.[1]

## INTRODUCTION

With this Motion, the Federal Defendants seek extraordinary relief. Their goal is to force piecemeal litigation over this Court's August 2 Order, which denied the Federal Defendants' motion for a judgment on the pleadings. They are attempting to circumvent usual appellate practice in the hopes that they can obtain an expedited ruling from the First Circuit stating, essentially, that this Court must blindly accept Congressional language -- and ignore all well-pled facts and the practical realities establishing extensive and permanent government control -- when deciding whether the Federal Defendants can be deemed government actors for the purposes of due process violations. In other words, the Federal Defendants seek a First Circuit

[1] The Federal Defendants filed the same Motion in C.A. No. 17-042-M-LDA. A substantially identical objection is being filed by the Plaintiff in that case.

ruling that, because of statutory language, they can never be deemed government actors ***regardless of the actual facts and realities*** shown.[2]

The First Circuit has made clear for decades that piecemeal appeals are frowned upon and the relief sought now should be granted sparingly. Immediate appeal of a non-final order is to be reserved for only the most exceptional circumstances, and only when the intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority and where there exists substantial grounds for differences of opinion. Importantly, disagreement between courts (which exists here) does not – on its own – mean that the issue remains unsettled by controlling authority or that substantial grounds for disagreement exist. Both Federal Defendants must show that they meet the minimum statutory requirements for an immediate appeal. And even if they could show that they meet minimum requirements (they cannot), granting this relief remains discretionary.

This Court's decision to deny the Federal Defendants' a judgment on the pleadings was right. The August 2 Order was entirely consistent with well-established Supreme Court precedent directing courts to look at the "practical realities" of control -- rather than looking only at statutory labels or language -- when deciding whether the Federal Defendants can be deemed government actors. That common sense approach is settled. That some courts in other jurisdictions have ruled on specific cases before them differently, often with little or no analysis, does not diminish the weight of the Supreme Court's directive. Indeed, if Congressional labels or wording, rather than facts, dictated the outcome (as the Federal Defendants suggest), the undisputed government control at issue here could remain in place another 100 years (or longer)

---

[2] Presumably, the FHFA (a government agency) seeks a ruling that it cannot be deemed a government actor, when acting as a conservator, despite a waiver of sovereign immunity and the different duties that it has when functioning as a conservator. *See* August 2 Order at 14-18. But FHFA's position in the Motion is not at all clear as this point is not made, or analyzed, in the Motion.

and courts would be powerless to consider that decisive fact when considering whether the control was permanent. This obviously absurd result is precisely what the Federal Defendants are pushing for now.

That aside, the Federal Defendants point out – over and over – that more than 40 courts have reached different conclusions than this Court. While those cases will not be re-argued here, the Federal Defendants assert that this fact, on its own, establishes substantial grounds for differing opinions. Motion at 5. But the Federal Defendants are missing the point (and glossing over law). First, none of those opinions are binding on this Court. Second, none of those opinions are even from a court within the First Circuit. Finally, and perhaps most importantly, courts are required to examine the rationale of different opinions -- not simply tally them up -- when determining whether "substantial grounds" exist. This Court conducted that substantive review prior to issuing the August 2 Order and was "not persuaded by the reasoning of prior cases . . . ." August 2 Order at 6-7. Consequently, asking for an amendment that states an opposite view now is no mere technicality. It is a substantive revision that is at odds with the August 2 Order itself.

Additionally, intermediate appellate relief is appropriate only when appellate review is on a discrete legal issue that does not involve facts. This Court's August 2 Order did not simply hinge on statutory interpretation. It also turned on settled precedent, detailed factual allegations, and other filings (such as pleadings and briefs). Consequently, reviewing this Court's decision will require review of that same record, which prohibits an immediate sprint to the First Circuit now.

One final point is appropriate: the circumstances of this case do not warrant the extraordinary relief sought. There is no hardship or prejudice that will occur if the Federal

Defendants are required to delay any appeals until a final order is entered. Plaintiff, on the other hand, has been living under a cloud of uncertainty for years. That prolonged hardship is real and devastating. Plaintiff's case should be allowed to proceed to a conclusion in this Court -- once and for all -- without being temporarily derailed by costly and time-consuming piecemeal litigation that will only prolong the inevitable.

**RELEVANT BACKGROUND**

The Plaintiff, in her underlying case, seeks a ruling that the Federal Defendants are government actors, and thus, violated the Plaintiff's Fifth Amendment due process rights when they conducted a non-judicial foreclosure on the Plaintiff's home. On December 15, 2017, the Federal Defendants moved for judgment on the pleadings stating, in sum, that they cannot be deemed government actors as a matter of law because (a) as to Freddie Mac, the government's control was not permanent since the language of the Housing and Economic Recovery Act of 2008 ("HERA") §4617(a)(2) appoints FHFA as Freddie Mac's conservator, and that conservatorships are never permanent, and (b) as to FHFA, itself a federal agency, it lost its governmental status because it stepped into Freddie Mac's private shoes when acting as conservator. The parties fully briefed that motion. This Court also heard oral argument prior to denying the motion with entry of the August 2 Order.

Because the Federal Defendants moved for judgment on the pleadings, the Court properly accepted as true well-pleaded facts and drew all reasonable inferences in the Plaintiff's favor. This Court denied the Federal Defendants' motion for judgment on the pleading based on, among other things, the undisputed practical realities of control in the record as they relate to Freddie Mac. With respect to the FHFA, this Court applied the logic of *FDIC v. Meyer*, 510 U.S. 471 (1994), and found, among other things, that because only federal entities can waive

sovereign immunity, it followed that the FHFA, as conservator, is a government actor. *See* August 2 Order at 14-18.

This Court's August 2 Order is not a "final" order automatically subject to immediate appeal. With the instant 7-page Motion, filed 21 days after this Court's August 2 Order, the Federal Defendants seek to have this Court take the extraordinary step of materially amending its August 2 Order to seek an intermediate (and apparently expedited) appeal on the question of whether the Federal Defendants can ***ever*** be deemed government actors in light of statutory text.

**ARGUMENT**

The Plaintiff opposes the relief sought on several separate and independent grounds. First, the principles on which this Court based its denial of the Federal Defendants' motion for judgment on the pleadings are well-grounded in controlling precedent. The United States Supreme Court made clear, more than once, that Courts are not required to blindly accept the words chosen by Congress when deciding the issue of government control. Courts are free to examine practical realties too. That is settled authority and no grounds for disagreement have been shown.[3] Second, whether sufficient practical realities of control were shown to this Court is a mixed question that would require a review of the record, including the factual allegations made (*i.e.* it is not a solely an exercise in statutory interpretation, as the Federal Defendants' contend). Because reviewing this Court's decision would not turn simply on statutory language, intermediate appellate review is inappropriate. Third, this is a simple case based on largely undisputed facts. The Federal Defendants have not even attempted to allege imminent prejudice

[3] Similarly, this Court's decision that Plaintiff could show the FHFA to be a government entity was entirely consistent with *FDIC v. Meyer*, 510 U.S. 471 (1994). The Federal Defendants do not analyze this issue at all in the Motion. *See* August 2 Order at 16. The Federal Defendants cannot obtain the blanket relief sought in the Motion without showing how ***each defendant*** satisfies the statutory prerequisites in the Motion.

or harm sufficient to justify emergency First Circuit review. Consequently, Plaintiff asserts that the exceptional circumstances necessary for immediate appellate review do not exist in this case.

**1. Standard**

The standard that must be met for an interlocutory appeal is a heavy one. Interlocutory appeals under § 1292(b) require an order (1) "involving a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) for which "an immediate appeal from the order may materially advance the ultimate termination of the litigation. . . ." *28 U.S.C. § 1292(b)*. The First Circuit has emphasized that "interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." *Palandjian v. Pahlavi*, 782 F.2d 313, 314 (1st Cir. 1986). Moreover, the relief is discretionary, and courts generally refrain from granting the relief within the context of a motion to dismiss. *See McGillicuddy v. Clements*, 746 F.2d 76 at n.1 (1st Cir. 1984) (noting general rule that interlocutory appeals from denials of motions to dismiss are not granted).[4]

Importantly, the existence of different conclusions from outside courts, concerning different motions and pleadings, with different parties, and different facts or procedural postures, does not establish a substantial ground for a difference of opinion within the First Circuit. *See Ryan v. Fakih*, 275 F. Supp. 2d 393 at 398 (E.D. NY. 2003) (noting that differing opinions from outside courts do not establish substantial grounds for difference of opinion). Moreover, courts are to examine the strength of arguments presented in opposing opinions -- not simply be swayed

[4] This Court correctly noted that a motion for a judgment on the pleadings bears a striking resemblance to a motion to dismiss. August 2 Order at 5.

by the number of differing opinions -- when evaluating whether substantial grounds for a difference of opinion exists. *Id.*

This stringent standard reflects a clear policy preference against piecemeal litigation as well as prudential concerns about mootness, ripeness, and lengthy appellate proceedings. The fact that the issue might materially advance the ultimate termination of the litigation is not dispositive of whether an immediate appeal should be granted.

**2. Analysis**

The Federal Defendants' effort to bypass usual appellate procedures should not be condoned. They have not met, and cannot meet, several statutory requirements necessary to obtain the extraordinary relief sought. Failure to establish even just one of the statutory requirements requires denial of the Motion.

a) <u>This Court's August 2 Order rested on controlling law</u>

The purpose of §1292(b) is clear: it is to give litigants an opportunity to clarify a decisive issue of law, where there is substantial ground for a difference of opinion as to the controlling authority, not to challenge controlling authority because a litigant had hoped for a different outcome.

The Federal Defendants characterize the legal issue here as follows:

> At the heart of this question is whether HERA's Section 4617(a)(2) creates substantive, structural limitations that make the conservatorship inherently temporary for the purposes of the *Lebron* test, as Defendants have argued . . . . This is a statutory interpretation issue—a quintessential question of law.

Motion at 4 (internal citation omitted).[5]

[5] They have argued that the statutory purpose – to reorganize, rehabilitate or wind up – is inherently temporary; therefore, government control cannot be regarded as permanent.

As is further described in Section 2(c) below, Plaintiff disagrees with the above description. But even using the Federal Defendants' flawed characterization of the central issue, the relief sought should be denied because controlling authority exists. *Lebron v. National Railroad Passenger Corp.*, 513 U.S. 374 (1995), and other cases, make clear that lower court's are free -- despite statutory language -- to examine the practical realities of control when determining government status for Constitutional questions. When denying the Federal Defendants' motion, this Court recognized and quoted from *Lebron* extensively, and stated:

> To allow Congress to determine whether the Constitution applied to a government-created entity would allow the government 'to evade the most solemn obligations imposed in the Constitution by simply resorting to the corporate form.' *Id*. at 397. The Court explained, '[o]n that thesis, *Plessy v. Ferguson*, 163 U.S. 537 (1896), can be resurrected by the simple device of having the State of Louisiana operate segregated trains through a state-owned Amtrak.' *Lebron*, 513 U.S. at 397; *see also id*. at 392-93 ('The Constitution constrains governmental action 'by whatever instruments or in whatever modes that action may be taken.' And under whatever congressional label.'

August 2 Order at 7-8.

Twenty years after *Lebron*, the Supreme Court decided *Department of Transportation v. Association of American Railroads*, 135 S. Ct. 1225 (2015). In that case, the Supreme Court reaffirmed *Lebron* and held that Amtrak, as a government entity, could constitutionally be granted regulatory power under the Passenger Rail Investment and Improvement Act of 2008. *Id.* at 1229-30, 1233. The court rejected Congress' statement that Amtrak was a private company. This Court recognized and quoted from *American Railroads*, stating:

> The Supreme Court emphasized that, '*Lebron* teaches that, for purposes of [an entity's] status as a federal actor or instrumentality under the Constitution, the practical reality of federal control and supervision prevails over Congress' disclaimer of [the entity's] governmental status.'

August 2 Order at 9; *see also Ass'n of Am. R.Rs*., 135 S. Ct. at 1233. Not surprisingly, these well-settled principles have been recognized by the First Circuit. *See Barrios-Velazquez v. Associacion de Empleados Del Estado Libre Asociado*, 84 F. 3d 487, 492 (1st Cir. 1996) ("The Supreme Court in *Lebron* focused on the degree of control that the federal government had over Amtrak.").

Simply put, courts are not required to blindly accept the language chosen by Congress when examining the issue of government control. Courts may also examine the practical realities of control, and that does not change just because Congress wrote into HERA a facially temporary conservatorship. And the latitude to examine the facts exists even without the specific disclaimer that was present in *Lebron*. *See Lebron*, 513 U.S. at 392-93 ("The Constitution constrains governmental action by whatever instruments or in whatever modes that action may be taken. And under whatever congressional label.") (internal citations omitted); *see also Yeo v. Town of Lexington*, 131 F.3d 241, 253 (1st Cir. 1997) (noting that a statute cannot be determinative of the outcome of a federal constitutional question").[6]

While this Court's decision regarding FHFA was decided on a different basis, it too was based on Supreme Court precedent. *See* August 2 Order at 16-19; *see also FDIC v. Meyer*, 510 U.S. 471 (1994).

b) Neither Federal Defendant has shown substantial grounds for disagreement

The Federal Defendants make many passing references to opinions that have disagreed with this Court. But this Court reviewed those non-binding opinions and found them to be

[6] The Federal Defendants assert that this Court recognized "the issue" is not settled by controlling authority. *See Motion* at 5. Plaintiff disagrees with that overbroad interpretation of the August 2 Order, which simply recognized that none of the contrary cases cited by the Federal Defendants were controlling on this Court. However, this Court's decision rested on controlling authority, such as *Lebron*, and well-pled facts.

unpersuasive. *See* August 2 Order, at 6-7; *see also Ryan*, 275 F.Supp.2d at 398 (courts are to examine the strength of arguments presented in opposing opinions when evaluating whether substantial grounds for a difference of opinion exists.). Asking this Court to amend the August 2 Order to state that "substantial grounds" for disagreement exist conveniently brushes aside this Court's finding that those opinions were not persuasive in the first place.[7]

c) Statutory interpretation is only part of the analysis

Because it was proper for this Court to consider the practical realities of control over Freddie Mac, proper review of the August 2 Order is **not** simply a matter of statutory interpretation. This Court's denial of the Federal Defendants' motion was a mixed question that turned, in part, on specific, well-pled allegations, and other detailed filings, not just a few lines of statutory text. *See Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc.*, 2018 U.S. Dist. LEXIS 109456, at *16 (E.D. Cal. Jun. 29, 2018) (motions for interlocutory appeals are not granted when they will require review of a record or facts). The Federal Defendants do not dispute intermediate appeals are only appropriate when the dispute is purely legal.

d) Exceptional circumstances have not been shown by either Federal Defendant

Section 1292(b) relief is to be used only in exceptional circumstances, which do not exist here. First, this is a simple case. The facts regarding the lack of process given and government control are straightforward and will not be difficult to litigate. The Federal Defendants have not pointed to any factual matters that make this dispute unusually complex. Second, the Federal Defendants have not attempted to identify any imminent or unusual prejudice or hardship that they will suffer if they are forced to follow the general rule and wait to appeal a final order.

[7] Putting aside the above, it is also worth noting that the Federal Defendants have not pointed to a single case within this judicial circuit that reached a result contrary to this Court. *Ryan*, 275 F.Supp.2d at 398 (differing opinions from outside courts do not establish substantial grounds for difference of opinion within the Circuit). And the Court noted that other opinions have found the FHFA to be a government actor. *See* August 2 Order at 16 n.8.

There is none. Third, the only justification offered by the Federal Defendants to show exceptional circumstances is that this Court has somehow interjected uncertainty into an area of law that the Federal Defendants once considered clear and settled. Caselaw development is not exceptional or unusual. It is normal.

The Federal Defendants will have every opportunity to appeal the outcome of this case once a final order is entered. They should not be allowed immediate First Circuit review simply because they do not like the outcome here.

e) Plaintiff should not be forced to engage in burdensome piecemeal litigation

It is well settled that piecemeal litigation is disfavored. The Federal Defendants are massive, well-capitalized, entities. They are represented by a large, national law firm with virtually bottomless resources. In stark contrast, the Plaintiff is an individual of limited means. She is represented by free legal services for the protection of her Constitutional rights (and basic housing). It is hard to imagine a more uneven playing field.

Even if both of the Federal Defendants somehow met the minimum statutory requirements of §1292(b) (they do not), this relief is purely discretionary. Putting aside all of the reasons that the extraordinary relief sought here should be denied, if ever there was a situation where expensive and burdensome piecemeal litigation should be avoided, it is now.[8]

**[concluded on the following page]**

[8] Finally, the Federal Defendants assert that an intermediate appeal is justified because, without it, the Court will need to devote substantial resources on the merits and that effort might be wasted if the First Circuit ultimately reverses this Court. This flimsy argument could be advanced in nearly any case -- and would open up the floodgates to intermediate appeals -- and it is not sufficient grounds for justifying an amendment to the August 2 Order.

## CONCLUSION

For the foregoing reasons, the Federal Defendants' Motion should be denied.

**WHEREFORE**, Plaintiff respectfully submits that Federal Defendants' motion should be denied.

Dated September 20, 2018

Respectfully Submitted,
Plaintiff Cynthia Boss
By Her Attorney,

/s/ Michael Zabelin
Michael Zabelin (# 8485)
Rhode Island Legal Services, Inc.
56 Pine Street, Fourth Floor
Providence, RI 02903
(401) 274-2652 ext. 138
(401) 272-4280 (fax)
mzabelin@rils.org

## CERTIFICATE OF SERVICE

I, Michael Zabelin, hereby certify that on this 20th day of September, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties of record by operation of the Court's electronic filing system.

/s/ Michael Zabelin
Michael Zabelin